William M. Katz, Jr. (WK 1776)
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-969-1330

Attorney for Petitioner
PRSI Trading Company LP

**10 CIV 3303**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PASADENA REFINING SYSTEM, INC.,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------X

## PETITION TO QUASH SUMMONS

    Pasadena Refining System, Inc. ("PRSI") seeks to quash a summons issued by the Internal Revenue Service ("IRS") to Scott Newman ("Newman") of K&L Gates LLP ("K&L Gates") to the extent the summons seeks information protected by applicable privileges or exemptions from discovery. The IRS has issued the summons in connection with an examination of PRSI's 2005, 2006, and 2007 federal income tax returns. A true and correct copy of this summons is attached hereto as Exhibit A.

### I. Parties

    PRSI is a Connecticut corporation whose headquarters are located in Pasadena, Texas, at 111 Red Bluff Road, Pasadena, TX 77506. Its Employer Identification Number is XX-

XXX3158. Respondent is the United States of America. Pursuant to 26 U.S.C. § 7609(b)(2)(B), notice of this Petition is being provided by certified mail, return receipt requested, to Newman and to the IRS officer identified in the summons attached hereto as <u>Exhibit A</u> and to the United States pursuant to FED. R. CIV. P. 4(i).

## II. Jurisdiction, Standing, and Venue

This Court has subject-matter jurisdiction over this proceeding pursuant to 26 U.S.C. §7609(h)(1). The documents in question relate to PRSI. PRSI is a person who is identified in the summons and is entitled to notice thereof.[1] Accordingly, PRSI has standing to bring this proceeding, and this Court has jurisdiction over this proceeding.[2] This proceeding is brought within twenty (20) days after the IRS mailed notice of the summons to PRSI.[3] Because the person to be summoned, Newman, is found in the Southern District of New York, venue is proper in this District.[4]

## III. Grounds for Relief

PRSI files this petition to quash because the IRS has summoned documents from Newman of K&L Gates that are protected by applicable privileges and exemptions from discovery.

Before seeking documents from Newman and K&L Gates, the IRS sought the same documents from PRSI itself. As explained below, however, PRSI does not have possession of the documents held by Newman and K&L Gates and could not comply with the IRS's request. Accordingly, the IRS issued a summons to Newman, requesting nineteen categories of

---

[1] 26 U.S.C. § 7609(a)(1).

[2] *Id.* at § 7609(b)(2) and (h)(1).

[3] *Id.* at § 7609(b)(2).

[4] *Id.* at § 7609(h)(1).

documents that must be produced (the "K&L Gates Documents"). These documents are currently in K&L Gates's possession, rather than PRSI's, and have been for some time. PRSI does not have possession of the K&L Gates Documents because a former owner of PRSI, Astra Oil Trading NV ("AOT NV"), instructed K&L Gates not to disclose any documents to PRSI, and K&L Gates has complied with that instruction.

AOT NV's instruction, and K&L Gates's compliance with it, forced PRSI to sue AOT NV to force it to consent to the production of the K&L Gates Documents and to compel the production of other documents within AOT NV's possession, custody, or control. K&L Gates produced some documents to PRSI after suit was filed. PRSI has reviewed those documents and determined which ones are privileged, as set forth on the privilege log attached hereto as <u>Exhibit B</u>. Subsequently, PRSI provided K&L Gates a copy of the document requests from the IRS, requesting their and Astra's assistance in responding. PRSI has received no documents from K&L Gates in response to this request.

Because K&L Gates has not completed its production of documents to PRSI, PRSI has been unable to complete its privilege review and determine which K&L Gates Documents are protected by the work-product or attorney-client privilege. To the extent the documents not yet reviewed are protected by any of these privileges, and to the extent the documents on Exhibit B are covered by these privileges, PRSI seeks to quash the summons.

### IV. Factual Background

In February 2005, Crown Central Petroleum Corporation sold its Pasadena, Texas, refining facility to Pasadena Refining Systems, Inc. ("Old PRSI"), an indirect wholly-owned subsidiary of Astra Holding USA, Inc. ("Astra Holding"), which was wholly-owned by AOT NV.

In August 2006, Astra Holding engaged in a restructuring, distributing two of its subsidiaries to AOT NV; merging Old PRSI and its direct parent into Astra Holding; and having Astra Holding change its name to Pasadena Refining System, Inc., the petitioner in this proceeding.[5]

On September 1, 2006, AOT NV sold Petrobras America Inc. ("PAI") a 50% interest in PRSI. PAI and AOT NV also formed PRSI Trading Company L.P. ("PRSI Trading"), with each party indirectly owning 50% of PRSI Trading through certain affiliates.[6]

As of September 17, 2008, ownership, management and control of PRSI and PRSI Trading transferred to PAI and its affiliates pursuant to rulings issued by arbitrators empanelled by the International Centre for Dispute Resolution. AOT NV delivered its stock in PRSI and its affiliates' partnership interests in PRSI Trading to PAI and its affiliates on April 27, 2009. PAI and its affiliates unquestionably own 100% of PRSI and PRSI Trading.

Since late April 2009, PRSI and PRSI Trading have repeatedly demanded that AOT NV and its counsel deliver to PRSI and PRSI Trading all PRSI and PRSI Trading books and records within their possession, custody, or control. Because they consistently refused to do so, PRSI and PRSI Trading filed a lawsuit on June 2, 2009, (the "Turnover Suit") in Texas state court, requesting that AOT NV, K&L Gates LLP ("K&L Gates"), and Akin, Gump, Strauss, Hauer & Feld LLP ("Akin Gump") produce all of PRSI's and PRSI Trading's documents, books, and records within their possession, custody, or control. *See* Plaintiff's Original Petition, Request for Declaratory Judgment, and Application for Permanent Injunction attached hereto as Exhibit D. Since the filing of the Turnover Suit, AOT NV, K&L Gates, and Akin Gump have provided PRSI and PRSI Trading with some documents. But PRSI believes that AOT NV, K&L Gates,

---

[5] *See* Exhibit C (organizational charts) at page 2.
[6] *See id.* at page 3.

**PETITION TO QUASH SUMMONS – Page 4**

515128 000005 DALLAS 2600807.2

and Akin Gump have additional documents that should be produced. The Turnover Suit remains pending at this time, and AOT NV and PAI are also involved in other suits relating to the arbitral award and the unwinding of their former joint venture.

PRSI is filing this petition to quash by the current April 19th deadline to preemptively protect all privileges applicable to the K&L Gates Documents. PRSI has advised the IRS that it wants to cooperate and produce all non-privileged documents needed to conduct the audit and that this petition is being filed only to protect those privileges applicable to the K&L Gates Documents.

### V. Arguments and Authorities

Under Internal Revenue Code Section 7609(b)(2), PRSI has the right to initiate a proceeding to quash a third-party summons. PRSI can prevent enforcement of a third-party summons by successfully challenging it on "any appropriate ground."[7] Both the United States Supreme Court and the Second Circuit have held that legal privileges prevent enforcement of an IRS summons.[8] In short, there is no doubt that the existence of a legal privilege trumps the IRS's summoning authority. Thus, the existence of a legal privilege will prevent enforcement of the summons as to any privileged documents.

---

[7] *U.S. v. Powell*, 379 U.S. 48, 57 (1964).

[8] *U.S. v. Euge*, 444 U.S. 707, 711 (1980) (holding that the IRS's authority to summon under I.R.C. § 7602 is "subject to the traditional privileges"); *Donaldson v. U.S.*, 400 U.S. 517 (1971), *superseded by statute on other grounds*, I.R.C. § 7602 (noting that a taxpayer would be allowed to intervene in an action by the IRS to enforce a third party summons in order to prevent disclosure of privileged documents); *Reisman v. Caplin*, 375 U.S. 440, 449 (1964), *superseded by statute on other grounds*, I.R.C. § 7602 (holding that a third party summons may be challenged on the ground that the summoned documents are protected by the attorney client privilege, and noting that the lower court had issued a temporary restraining order to prevent the third party's compliance with the summons); *U.S. v. Adlman*, 134 F.3d 1194, 1196 n.2 (2d Cir. 1998) (citing *Euge* for the proposition that IRS summons are subject to traditional privileges).

Here, PRSI has reviewed the documents previously produced by K&L Gates and determined that several of them are privileged, which prevents their production in response to the IRS's summons. *See* Privilege Log attached hereto as <u>Exhibit B</u>. In addition, PRSI expects that K&L Gates possesses other documents not yet produced that will be protected by applicable privileges, although PRSI has not been able to review those documents yet.

A similar situation arose in *Valero Energy Corp. v. U.S.*, in the Western District of Texas.[9] In that case, the taxpayer filed an initial petition to quash, arguing that the requested documents (which were outside of the taxpayer's possession) did not exist, or alternatively might be privileged.[10] When ruling on the enforceability of the summons, the *Valero* court concluded that the taxpayer could "submit declarations in support of its contention that some documents are subject to the tax-practitioner privilege," a privilege similar to the attorney-client privilege.[11] Thus, *Valero* teaches that when the documents sought by the IRS are not available to the taxpayer, and there is a preemptive privilege claim made, the taxpayer should be allowed to review the documents and submit declarations supporting any applicable privileges.

This Court should follow *Valero* and give PRSI time to review the K&L Gates Documents and to present evidence supporting any applicable privileges. To do otherwise will permanently deprive PRSI of privileges that it would otherwise possess.

---

[9] 2010 U.S. Dist. LEXIS 34268 (W.D. Tex. April 7, 2010).

[10] The relevant facts of *Valero* are clear from Valero's Petition to Quash Summons and Memorandum of Authorities at 3.

[11] 2010 U.S. Dist. LEXIS 34268 at *27. The central debate in this opinion revolves around whether collateral estoppel precluded the taxpayer from asserting its claim that the IRS summons was overbroad, but the court also ruled that the taxpayer could, in the future, submit declarations in support of the privilege. *See* I.R.C. §7525(a) ("[T]he same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney.").

A.   *K&L Gates's Disclosure Will Permanently Deprive PRSI of the Attorney-Client Privileges Applicable to the K&L Gates Documents*

K&L Gates provided legal services to PRSI during the years under examination by the IRS. PRSI therefore anticipates that much of the information and many of the documents K&L Gates possesses may fall under the protection of the attorney-client privilege.

An overwhelming majority of courts, including the Second Circuit, holds that the attorney-client privilege is permanently waived when a taxpayer produces privileged documents in response to a governmental agency's request for documents and that such a waiver applies broadly to the subject matter of the documents.[12] Although waiver of the attorney-client privilege as a result of disclosures to a governmental agency arises most often for disclosures made to the SEC, disclosures to the IRS can similarly waive privileges.[13] In short, there is an overwhelming consensus, joined by the Second Circuit, holding that the attorney-client privilege is waived by disclosure to a governmental agency. Thus, if K&L Gates produces any attorney-client privileged documents to the IRS, PRSI's privilege will be permanently waived.

---

[12] *In re John Doe Corp.*, 675 F.2d 482, 489 (2d Cir. 1982) (holding that clients cannot "pick and choose" the times when the attorney-client privilege is in effect); *see also In re Qwest Communs. Int'l*, 450 F.3d 1179, 1201 (10th Cir. 2006) (holding that the attorney-client privilege is waived when disclosure is made to the Securities and Exchange Commission ("SEC")); *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289 (6th Cir. 2002) (same); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424-25 (3rd Cir. 1991) (same as to attorney-client and work-product privilege); *In re Martin Marietta Corp.*, 856 F.2d 619, 623-24 (4th Cir. 1988) (refusing to apply a limited waiver doctrine as to either the attorney-client privilege or non-opinion work-product privilege in the context of disclosures made to the Department of Defense); *Permian Corp. v. U.S.*, 214 U.S. App. D.C. 396, 665 F.2d 1214, 1220-21 (D.C. Cir. 1981) (holding the attorney-client privilege was waived by disclosure to the SEC)). *In re Grand Jury Proceedings*, 219 F.3d. 175, 183 n.2 (2d Cir. 2000) (noting that disclosure of one attorney-client privileged communication can waive the privilege as to all other communications to the attorney on the same matter).

[13] *See, e.g., United States v. The El Paso Company*, 682 F.2d 530 (analyzing whether the attorney-client and work-product privileges prevent enforcement of an IRS summons); *Griffith v. Davis*, 161 F.R.D. 687, 698 (C.D. Cal. 1995) (finding a waiver of the attorney-client privilege when the taxpayer allowed his lawyer to disclose certain statements to the IRS, even though the taxpayer had an agreement with the IRS that "restricted" the nature of the disclosure).

Case 1:10-cv-03303-RJH   Document 1   Filed 04/19/2010   Page 8 of 12

It is axiomatic that the attorney-client privilege belongs to the client.[14] Accordingly, PRSI has the right to assert the attorney-client privilege here. By filing this petition, PRSI asserts that right to the extent it applies to any K&L Gates Documents. Allowing K&L Gates to disclose attorney-client privilege documents in the face of PRSI's privilege claims would be improper.

      B.    *K&L Gates's Disclosure Will Permanently Deprive PRSI of the Work-Product Privilege Applicable to the K&L Gates Documents*

PRSI believes that at least some of the information or documents K&L Gates possesses may have been prepared in anticipation of litigation with the IRS. Accordingly, the work-product privilege would apply and protect that information and those documents from disclosure.

In *Upjohn Co. v. U.S.*, the Supreme Court confirmed that the work-product privilege may be invoked in response to an IRS summons:

> [T]he obligation imposed by a tax summons remains "subject to the traditional privileges and limitations." ... Nothing in the language of the IRS summons provisions or their legislative history suggests an intent on the part of Congress to preclude application of the work-product doctrine. Rule 26(b)(3) codifies the work-product doctrine, and the Federal Rules of Civil Procedure are made applicable to summons enforcement proceedings by Rule 81(a) (3).[15]

Since *Upjohn*, numerous courts have held that disclosure of work-product privileged documents to a governmental agency waives the privilege.[16] Thus, like the attorney-client privilege, the work-product privilege is waived by disclosure to a third party.

---

[14] *U.S. v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2d Cir. 1991) ("The privilege against disclosure belongs to the client, not to the attorney.").

[15] 449 U.S.383, 398–99 (1981) (internal citation omitted).

[16] *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) (finding waiver of the work product doctrine where the taxpayer voluntarily submitted a memorandum to the SEC); *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997) (holding that the work-product privilege was forfeited when the taxpayer provided the privileged documents to the Defense Contract Audit Agency, the auditing arm of the Department of Defense); *Westinghouse Elec.*, 951 F. 2d at 1424-25 (holding work-product privilege is waived as a result of disclosure to the SEC); *In re*

The client has the right to assert the work-product privilege.[17] Here, PRSI is K&L Gates's client and is asserting the work-product privilege as to the K&L Gates Documents.

C.   *PRSI is Asserting Privileges as to Documents Already Received from K&L Gates*

As explained above, most of the documents requested in the IRS summons are outside of PRSI's possession, custody, and control. However, K&L Gates has produced some documents to PRSI that are also responsive to the summons. PRSI has reviewed those documents and determined that certain privileges apply to them, as set forth in the privilege log attached hereto as <u>Exhibit B</u>. PRSI intends to supplement its privilege log as K&L Gates produces additional documents to PRSI.

### VI. Conclusion

PRSI has filed this petition to quash to protect all privileges applicable to the K&L Gates Document sought in the IRS's summons. PRSI tried to negotiate an agreement with the IRS that could have eliminated the need for this petition, but the IRS refused to withdraw its summons or to extend the deadline for the production of documents. PRSI has told the IRS that it intends to cooperate and produce non-privileged documents, but that it must file this petition to quash to protect all privileges applicable to the K&L Gates Documents. PRSI cannot risk a possible waiver of its privileges through the production of documents in response to the IRS's summons.

FOR ALL THESE REASONS, PRSI requests that, after notice to the United States and Newman, this Court:

1. Quash the summons to the extent it seeks the production of privileged documents;

---

*Martin Marietta*, 856 F.2d at 623-24 (refusing to apply a limited-waiver doctrine as to non-opinion work product in the context of disclosures made to the Department of Defense).

[17]*Maxwell v. Florida*, 479 U.S. 972, n.2. (mem.) (Marshall, J., dissenting) (noting that "the privilege to withhold an attorney's work product belongs *to the client*") (emphasis in original).

<u>PETITION TO QUASH SUMMONS</u> – **Page 9**

515128 000005 DALLAS 2600807.2

2. Allow PRSI to present evidence supporting its privilege claims;

3. If necessary, conduct an evidentiary hearing on PRSI's privilege claims;

4. Award costs of court; and

5. Grant such other relief to which PRSI may be entitled.

                                        Respectfully submitted,

                                        THOMPSON & KNIGHT LLP

By: _____
                William M. Katz, Jr. (WK 1776)
                Thompson & Knight LLP
                1722 Routh Street, Suite 1500
                Dallas, Texas 75201
                Bill.Katz@tklaw.com
                214-969-1330

                Attorney for Petitioner
                Pasadena Refining System, Inc.

## CERTIFICATE OF SERVICE

This Petition to Quash Summons and Memorandum of Authorities was served in compliance with 26 U.S.C. § 7609(b)(2)(B) and FED. R. CIV. P. 4(i) by Certified Mail, Return Receipt Requested, on the following persons on April 19, 2010:

Gregory Hayes
Internal Revenue Service
Mail Stop 4304-HAL: Hayes
8701 S. Gessner
Houston, TX 77074

Danilo Del Rosario
Internal Revenue Service
110 West 44th Street
New York, NY 10036

Civil Process Clerk
United States Attorney
United States Attorney's Office
Southern District of New York
500 Pearl Street
New York, NY 10007

United States Attorney General
Department of Justice
950 Pennsylvania Avenue N.W.
Washington D.C. 20530-0001

Scott Newman
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030

_____
William M. Katz, Jr.

515128 000005 DALLAS 2599768.5

## LIST OF EXHIBITS

**Exhibit A** - Summons issued March 29, 2010, to Pasadena Refining System, Inc. (Formerly Astra Holding USA, Inc. & Subsidiaries)

**Exhibit B** - Privilege Log

**Exhibit C** - Organizational Charts

**Exhibit D** - Plaintiffs' Original Petition, Request for Declaratory Judgment, and Application for Permanent Injunction (Complaint filed in Turnover Suit)